```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/17

WENDELL HALL,

    Plaintiff,

- against -

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER**

14 Civ. 7731 (PGG) (HBP)

PAUL G. GARDEPHE, U.S.D.J.:

    On September 24, 2014, pro se Plaintiff Wendell Hall filed the Complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking judicial review of a decision by the Acting Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI") benefits. (See Cmplt. (Dkt. No. 2) ¶ 1) On October 9, 2014, this Court referred the case to Magistrate Judge Michael H. Dolinger. (See Order (Dkt. No. 7))

    On March 3, 2015, Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (See Def. Notice of Motion (Dkt. No. 9)) Defendant argues that Hall did not file the Complaint within sixty days of the Appeals Council decision upholding the Administrative Law Judge's determination rejecting his disability claim, and that accordingly his claim is time-barred. (See Def. Br. (Dkt. No. 11) at 3-6)

    In support of the pending motion, the Commissioner has submitted a declaration from Roxie Rasey Nicoll, the Chief of Court Case Preparation and Review for Branch 4 of the Social Security Administration ("SSA") Office of Appellate Operations. (See Nicoll Decl. (Dkt.

No. 13)) Nicoll's declaration states that on July 15, 2014, the Appeals Council mailed to Plaintiff – at his home address – its decision upholding the Administrative Law Judge's (ALJ) finding that Hall was not disabled. (Id. ¶ 3(a)) Nicoll further states that the Appeals Council's notice warned Plaintiff that he had 60 days to "ask for court review of the Administrative Law Judge's decision by filing a civil action." (Nicoll Decl., Ex. 2 (Dkt. No. 13-2) at 2) Plaintiff did not file this action until September 24, 2014 (see Dkt. No. 1), however, which is more than 60 days after the notice of the Appeals Council decision was sent to Plaintiff.

On March 4, 2015, Judge Dolinger ordered Plaintiff to respond to Defendant's motion by April 3, 2015. (See Order (Dkt. No. 12)) On March 27, 2015, Plaintiff submitted three documents reflecting medical lab results, and asked Defendant to "please take the time to look back into my case." Plaintiff did not otherwise respond to Defendant's motion or Judge Dolinger's order. (See Pltf. Ltr. (Dkt. No. 14) at 1) Judge Dolinger issued a second order on July 20, 2015, which extended Plaintiff's time to respond to Defendant's motion to July 29, 2015. (See July 20, 2015 Order (Dkt. No. 15)) Plaintiff never filed responsive papers.

On August 4, 2015, Judge Dolinger issued a thorough sixteen-page Report and Recommendation ("R&R") recommending that this Court grant Defendant's motion for summary judgment. (See R&R (Dkt. No. 16)) The R&R was sent to the parties on August 4, 2015. (See id.) 28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations. . . ."[1] 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ.

---

[1] The R&R recites the requirement that parties must file objections within fourteen days of service, pursuant to Rule 72 of the Federal Rules of Civil Procedure, and the consequences for failure to timely object: "Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. . . . Failure to file timely objections may

2

P. 72(b)(2) ("[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations"). Here, neither side filed objections to Magistrate Judge Dolinger's R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to the magistrate judge's R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Dolinger's R&R. A "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because Plaintiff filed no objections to Magistrate Judge Dolinger's R&R, he has waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court will go on to consider whether there is any "'clear error

---

constitute a waiver of those objections both in the District Court and later on appeal to the United States Court of Appeals." (R&R (Dkt No. 16) at 15-16 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d); Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989))

3

on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

Defendant's motion is brought under the alternative procedural mechanisms of Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure. (See Def. Br. (Dkt. No. 11) at 2) Because the expiration of the statute of limitations is an affirmative defense, dismissal on this ground under Rule 12(b)(6) is not warranted unless the untimeliness of the lawsuit is apparent from the face of the complaint. See, e.g., Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 (2d Cir. 2014); Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425-26 (2d Cir. 2008). Here, the Complaint does not assert facts demonstrating that this case is barred by the statute of limitations. (See Cmplt. (Dkt. No. 2)) Accordingly, this Court will consider Defendant's motion under Rule 56.

Pursuant to Rule 56(a), a court may "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). The moving party bears the burden of demonstrating the absence of a material factual question and, in making that determination, this Court must view all facts in the light most favorable to the non-moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2005).

Here, Defendant has proffered evidence as to the timing of the mailing of the Appeals Council's notice, and averred that the Complaint, filed over sixty days later, is untimely based on the five-day receipt presumption. (See Def. Br. (Dkt. No. 11) at 3, 5-6) Plaintiff has not sought to dispute Defendant's invocation of the presumption or to demonstrate a later receipt of the notice, even though he was warned of the consequences of inaction. "[C]ourts in the Second Circuit have not hesitated to find that complaints that miss this deadline by a matter of days are untimely." Courtney v. Colvin, No. 13 Civ. 02884 (AJN), 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) (collecting cases) (granting defendant's motion to dismiss where pro se plaintiff filed a complaint seeking judicial review of a final decision denying his claim for SSI benefits four days late).

In order to rebut the presumption that the Commissioner's final decision was received within five days of its purported mailing date, even a pro se plaintiff must "do more than assert that [he] did not receive the notice within five days" in his complaint. Marquez v. Comm'r of Soc. Sec., No. 12 Civ. 8151 (PAE), 2013 WL 3344320, at *3 (S.D.N.Y. July 2, 2013) (collecting cases). Some affirmative evidence must be presented that indicates that the actual receipt occurred after the presumed five-day period. See Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984) (pro se plaintiff rebutted presumption by presenting evidence of late certified mailing of the Commissioner's decision). Here, Plaintiff produced no evidence to rebut the presumed five-day period. Barring application of the doctrine of equitable tolling – addressed below – the failure to file a timely complaint will warrant the dismissal of the case, even where the delay is minor. See, e.g., Rodriguez ex rel. J.J.T. v. Astrue, No. 10 Civ. 9644 (PAC) (JLC), 2012 WL 292382, at *2 (S.D.N.Y. Jan. 31, 2012) (dismissing pro se complaint filed three weeks late); Johnson v. Comm'r of Soc. Sec., 519 F. Supp. 2d 448, 449 (S.D.N.Y. 2007) (dismissing

pro se complaint filed nine days late). Strict adherence to the sixty-day limitation provided in Section 205(g) reflects the policy imperative of "movi[ing] cases to speedy resolution in a bureaucracy that processes millions of cases annually." Bowen v. City of New York, 476 U.S. 467, 481 (1986).

Under the circumstances, this Court must assume that Hall received the Appeals Council notice on or about July 20, 2014. Hall does not allege, nor does the record reflect, that he ever sought an extension of time from the Appeals Council. Under the applicable statute of limitations, Hall had until September 18, 2014 to commence a civil action in this court, but he did not do so until September 24, 2014. The Complaint is therefore untimely.

"The doctrine of equitable tolling may excuse a failure to file a complaint on time," Borrero v. Colvin, No. 14 Civ. 5304 (LTS) (SN), 2015 WL 1262276, at *4 (S.D.N.Y. Mar. 19, 2015), but the application of equitable tolling is "rare," Bowen, 476 U.S. at 481, and is appropriate only upon "a showing of both extraordinary circumstances and due diligence." Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005); see Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80-81 (2d Cir. 2003). Plaintiff has not alleged any circumstances that could be construed as sufficient to trigger the doctrine of equitable tolling. Moreover, Defendant raised this issue in her motion, thus alerting Plaintiff to the possibility that he could make a showing to excuse his untimeliness. (See Def. Br. (Dkt. No. 11) at 5-6) However, Plaintiff made no showing on this issue or any other issue concerning the timeliness of his pleading.

Having conducted a review of the record, and for the reasons stated above, this Court finds that it was not clear error for Judge Dolinger to find that Defendant's motion for summary judgment should be granted.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and Defendant's motion for summary judgment is granted. The Clerk of the Court is directed to terminate the motion (Dkt. No. 9) and to close this case. The Clerk of the Court is further directed to mail a copy of this order via certified mail to pro se Plaintiff Wendell Hall, 2145 Bruckner Boulevard, Apt. 1B, Bronx, NY 10472.

Dated: New York, New York
      September 29, 2017

                                    SO ORDERED.

                                    Paul G. Gardephe
                                    United States District Judge